# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| v. | : | CRIMINAL NO. 12-84 |
| | : | |
| **ROBERT COYLE, SR.** | : | |

# O R D E R

AND NOW, this       day of                      , 2012, upon consideration of the Government's Motion *in Limine* to exclude evidence regarding the prior conviction of government witness J.H., and any response of the defendant thereto, it is hereby ORDERED that the government's motion is GRANTED.

Pursuant to Federal Rules of Evidence 609 and 403, the defendant may not introduce any evidence at trial or make any mention of the conviction of J.H. entered on June 25, 2012 in the Court of Common Pleas of Philadelphia County, for unlawful restraint, possession of an instrument of a crime with intent, and indecent forcible assault, or any other charges that were dismissed in connection with that conviction.

                              BY THE COURT:


                              _____
                              **HONORABLE STEWART DALZELL**
                              **UNITED STATES DISTRICT JUDGE**

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| v. | : | CRIMINAL NO. 12-84 |
| | : | |
| **ROBERT COYLE, SR.** | : | |

## GOVERNMENT'S MOTION *IN LIMINE* <br> TO EXCLUDE EVIDENCE OF PRIOR CONVICTION

The government, by its counsel, Zane David Memeger, United States Attorney for the Eastern District of Pennsylvania, and Mary Kay Costello Assistant United States Attorney, hereby moves for a determination, *in limine*, under Federal Rules of Evidence 609 and 403, that the prior conviction of government witness J.H entered on June 25, 2012 in the Court of Common Pleas of Philadelphia County for unlawful restraint, possession of an instrument of a crime with intent, and indecent forcible assault, is excluded from evidence in the trial of this matter. The government's reasons are set forth in the attached memorandum.

        Respectfully submitted,

        ZANE DAVID MEMEGER
        United States Attorney

        s/ Mary Kay Costello
        MARY KAY COSTELLO
        Assistant United States Attorney

Date: August 1, 2012

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **UNITED STATES OF AMERICA** : | |
| : | |
| v. : | **CRIMINAL NO. 12-84** |
| : | |
| **ROBERT COYLE, SR.** : | |

**MEMORANDUM OF LAW IN SUPPORT OF GOVERNMENT'S**
**MOTION *IN LIMINE* TO EXCLUDE EVIDENCE OF PRIOR CONVICTION**

### I.   INTRODUCTION

J.H., a government witness whose full identity is known to the parties, was previously convicted of unlawful restraint, possession of an instrument of a crime with intent, and indecent forcible assault on June 25, 2012 in the Court of Common Pleas of Philadelphia County. The charges arose from a sexual assault committed by J.H. against his estranged wife on or about May 12, 2011. J.H.'s prior conviction is not admissible at trial. Federal Rule of Evidence 609 provides that prior felony convictions of a witness may be admissible at trial as impeachment evidence unless the probative value of such evidence is substantially outweighed by the danger of unfair prejudice. The offenses with which J.H. was convicted are sexually based offenses which are likely to inflame the jury and prejudice it against J.H. and, by extension, the government. At the same time, the offenses have nothing to do with dishonesty or false statements and thus offer the jury no insight into J.H.'s propensity to testify truthfully. Accordingly, the probative value of such evidence is substantially outweighed by the danger of unfair prejudice. As a result, evidence of J.H.'s conviction for unlawful restraint, possession of an instrument of a crime with intent, and indecent forcible assault should be excluded at trial.

## II. BACKGROUND

Defendant Robert Coyle, Sr. ("Coyle") owned and/or rented more than 300 properties in Philadelphia, mainly in low income neighborhoods. In 2007, Coyle, through various entities that he owned or controlled, took out over $10 million in loans from East River Bank (with Polonia Bank participating in the loan after settlement) and Republic First Bank (now Republic Bank). The ostensible purpose of these loans was to refinance previously existing loans and to provide funds for improvements to existing properties and/or to pursue additional real estate opportunities. Coyle received more than $1.9 million "cash out" from the loans. Coyle stopped making loan payments by late 2008.

After Coyle defaulted on the loans, it became apparent that Coyle had provided false information to the banks in support of the loans. Among other things, Coyle entered into rent-to-own agreements with several tenants, but then used the properties as purportedly unencumbered collateral for the loans. In addition, Coyle misrepresented to the banks the status and rent amounts of certain rental properties to make it look like the collateral properties generated more cash flow than they actually did.

As a result, on March 1, 2012, Coyle was charged by indictment with four counts of loan fraud, in violation of 18 U.S.C. § 1014. Trial is currently scheduled to begin on October 1, 2012. The government anticipates calling J.H. as a witness at trial.

**III.    ARGUMENT**

Evidence of a prior conviction of a witness may be admissible at trial under Rule 609 of the Federal Rules of Evidence "solely for the purpose of attacking credibility." Virgin Islands v. Bedford, 671 F.2d 758, 761 (3d Cir. 1982). However, such evidence is not automatically admissible for this purpose. Id. Rather, Rule 609(a)(1) provides that evidence that a witness other than an accused has been convicted of a felony "must be admitted, subject to Rule 403." Rule 403, in turn, provides that the court "may exclude relevant evidence if its probative value is substantially outweighed by a danger of . . . unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Thus, a prior felony conviction of a witness should be excluded from evidence if, on balance, its probative value is substantially outweighed by its potential prejudicial affect on the jury. In this case, as is discussed more fully below, evidence regarding J.H's conviction for unlawful restraint, possession of an instrument of a crime with intent, and indecent forcible assault should be excluded because such evidence has limited probative value with respect to J.H.'s truthfulness and would unfairly prejudice the jury.

Courts have recognized the "extremely prejudicial effect that would be caused by the jury's knowledge of a prior sexual assault conviction." Perryman v. H&R Trucking, Inc., No. 03-4806, 2005 WL 1463208 (3$^d$ Cir. June 22, 2005). In United States v. Jackson, 549 F.3d 963, 978 (5th Cir. 2008), the appellate court held that the district court did not abuse its discretion when it refused, on the basis of unfair prejudice, to allow the defendant in that case to impeach a government witness with evidence of a prior conviction for sexual assault. The court reasoned that "although the jury might have considered [the witness] more likely to be untruthful if it had

3

known of his conviction, there is a significant danger that it would have instead improperly discounted his testimony because of personal revulsion for sex offenses." Id. According to the court, a past conviction for a sexual offense is particularly likely to cause "severe prejudice." Id. at 979.

As in Jackson, evidence of J.H.'s prior convictions for unlawful restraint, possession of an instrument of a crime with intent, and indecent forcible assault would likely cause severe prejudice. Sexually based offenses are simply more inflammatory than other felonies. The jury is likely to have a strong personal reaction to evidence of J.H.'s prior sexual offenses that could unfairly prejudice the jury's evaluation of his testimony and the government's interest in a fair trial.

Moreover, J.H.'s prior conviction for these sexual offenses is not probative of J.H.'s credibility. See United States v. Ivins, No. 09-320, 2010 WL 2635799, at *3 (E.D. Pa. June 28, 2010) ("[S]ex offenses are generally considered not to be probative of a witness's veracity.") (citing Joseph M. McLaughlin, Ed. Weinstein's Federal Evidence § 609.04). Indeed, as a general rule, "convictions which rest on dishonest conduct relate to credibility whereas those that rest on violent or assaultive crimes generally do not." Gordon v. United States, 383 F.2d 936, 940 (D.C. Cir. 1967).

Here, J.H.'s prior conviction for unlawful restraint, possession of an instrument of a crime with intent, and indecent forcible assault has little probative value because it is neither related to any of the activities about which he is expected to testify nor relevant to his propensity to testify truthfully. The conduct for which J.H. was convicted occurred in May 2011, long after J.H. had provided statements to the government in relation to the subjects about which he is

expected to testify. In addition, J.H. has already been sentenced for the sex offenses. Thus, J.H. can obtain no benefit from the government with respect to this conviction by testifying in the present case.

Given the limited probative value inherent in J.H.'s prior sexual offenses and the severe prejudice that will likely result if evidence of the offenses is admitted, the government respectfully requests that the defendant be precluded from using such evidence to impeach J.H. in the event he is called as a government witness at trial.

                              Respectfully submitted,

                              ZANE DAVID MEMEGER
                              United States Attorney


                              s/ Mary Kay Costello
                              MARY KAY COSTELLO
                              Assistant United States Attorney


Date: August 1, 2012

**CERTIFICATE OF SERVICE**

I certify that a copy of the Government's Motion *in Limine* has been filed electronically on the Electronic Case Filing System and is available for viewing and downloading from the ECF system, and is also being served by first class mail, postage prepaid, on the following defense counsel:

>Jeffrey M. Miller, Esq.
>Nasuti and Miller
>The Public Ledger Building, Suite 1064
>150 S. Independence Mall West
>Philadelphia, PA 19106

>  s/Mary Kay Costello
>MARY KAY COSTELLO
>Assistant United States Attorney

Date: August 1, 2012