IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | CRIMINAL NO. 12-84 |
| | : | |
| ROBERT COYLE, SR. | : | |

**GOVERNMENT'S MOTION FOR FORFEITURE MONEY JUDGMENT**

The United States of America, by and through its attorneys, Zane David Memeger, United States Attorney for the Eastern District of Pennsylvania and Mary Kay Costello, Assistant United States Attorney, respectfully requests entry of a forfeiture money judgment, and in support of this motion, the United States represents as follows:

1. On March 1, 2012, the defendant was charged in an Indictment with four counts of loan fraud, in violation of 18 U.S.C. § 1014 (Counts One through Four). The Notice of Forfeiture in the Indictment alleged that the defendant's interest in certain property was forfeitable as a result of the Indictment.

2. On October 1, 2012, the defendant pled guilty to Counts One and Three of the Indictment.

3. As a result of the defendant's guilty plea to Counts One and Three of the Indictment, the defendant is required, pursuant to 18 U.S.C. § 982(a)(2), to criminally forfeit his interest in any property constituting, or derived from, proceeds the defendant obtained directly or indirectly, as the result of such violations.

4. Based upon the signed plea agreement of the defendant, the facts presented at the plea hearing, which formed the factual basis for the plea, and those set forth in the government's

Guilty Plea Memorandum, the government avers that the sum of $10,106,200.00 in U.S. currency is subject to forfeiture as a result of the defendant's guilty plea to the acts alleged in Counts One and Three of the Indictment.  This sum is the amount of property constituting, or derived from, proceeds the defendant obtained directly or indirectly, as the result of the offenses charged in Counts One and Three of the Indictment.  See United States v. Vampire Nation, 451 F.3d 189, 201-202 (3d Cir. 2006) (an in personam forfeiture money judgment may be entered against the defendant for the full amount of the criminal proceeds); United States v. Voigt, 89 F.3d 1050, 1084, 1088 (3d Cir. 1996) (government entitled to personal money judgment against defendant equal to amount of funds forfeitable).

5.  The government, therefore, requests that a forfeiture money judgment in the amount of $10,106,200.00 be entered against the defendant.

6.  The government requests authority to conduct discovery in accordance with Fed.R.Crim.P. 32.2(b)(3).  Because the government seeks only a money judgment and does not seek forfeiture of any specific asset at this time, advertisement of the judgment and third-party proceedings are not required.  Fed.R.Crim.P. 32.2(c)(1) (no ancillary proceedings to address third-party claims required where forfeiture consists of money judgment).

For the reasons stated above, the government requests that this Court enter the attached Forfeiture Money Judgment.

                                            Respectfully submitted,

                                            ZANE DAVID MEMEGER
                                            United States Attorney

                                            /s/ Mary Kay Costello
                                            MARY KAY COSTELLO
                                            Assistant United States Attorney

Dated: October 9, 2012

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| v. | : | **CRIMINAL NO. 12-84** |
| | : | |
| **ROBERT COYLE, SR.** | : | |

**FORFEITURE MONEY JUDGMENT**

IT IS HEREBY ORDERED THAT:

1.      As a result of the defendant's written plea agreement with the United States in which the defendant agreed to forfeiture of $10,106,200.00, and the defendant's guilty plea to Counts One and Three of the Indictment, the defendant is required, pursuant to 18 U.S.C. § 982(a)(2), to criminally forfeit his interest in any property constituting, or derived from, proceeds the defendant obtained directly or indirectly, as the result of such violations.

2.      The Court has determined, based upon the facts presented at the plea hearing, which formed the factual basis for the plea, and those set forth in the government's Guilty Plea Memorandum, that the sum of $10,106,200.00 is subject to forfeiture as a result of the defendant's guilty plea to the acts alleged in Counts One and Three of the Indictment. This sum is the amount of property constituting, or derived from, proceeds the defendant obtained directly or indirectly, as the result of the offenses charged in Counts One and Three of the Indictment, and the government has established the requisite nexus between such sum and such offenses.

3.      A forfeiture money judgment in the amount of $10,106,200.00 is hereby entered against the defendant in favor of the United States.

4.	Any property recovered from the defendant and forfeited by the government shall reduce the defendant's outstanding liability on the personal forfeiture money judgment.

5.	Upon the entry of this Order, the United States is authorized to conduct any discovery necessary to identify and locate property subject to forfeiture, in accordance with Fed.R.Crim.P. 32.2(b)(3).

6.	Because the government seeks only a money judgment and does not seek forfeiture of any specific asset at this time, advertisement of the judgment and third-party proceedings are not required.  Fed.R.Crim.P. 32.2(c)(1) (no ancillary proceedings to address third-party claims required where forfeiture consists of money judgment).

7.	Pursuant to Fed.R.Crim.P. 32.2(b)(4), this Forfeiture Money Judgment shall become final as to the defendant at the time of sentencing and shall be made part of the defendant's sentence and included in the judgment and commitment order.

8.	The Court shall retain jurisdiction to enforce this Forfeiture Money Judgment, and to amend it as necessary, pursuant to Fed.R.Crim.P. 32.2(e).

9.	The Clerk of the United States District Court for the Eastern District of Pennsylvania shall deliver a copy of this Forfeiture Money Judgment to the United States Marshals Service.

ORDERED this               day of                              , 2012.

**HONORABLE STEWART DALZELL**
**United States District Judge**

CERTIFICATE OF SERVICE

The foregoing Motion for Forfeiture Money Judgment and proposed Order will be served electronically through the District Court Electronic Case System upon:

**JEFFREY M. MILLER, ESQUIRE**
Nasuti & Miller
150 S. Independence Mall West
Suite 1064
Philadelphia, PA 19106


/s/ Mary Kay Costello
MARY KAY COSTELLO
Assistant United States Attorney


Dated: October 9, 2012